IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DARREN HOWELL,<br>Plaintiff,<br><br>v.<br><br>DAY & ZIMMERMAN,<br>Defendant. | Civil Action No. 3:25CV1071 (RCY) |

**MEMORANDUM OPINION**

This is an employment dispute brought by Plaintiff Darren Howell ("Plaintiff"), wherein Plaintiff alleges that Defendant discriminated and retaliated against him on the basis of race when Defendant terminated his employment on May 4, 2024. This matter is before the Court on Defendant Day & Zimmermann's ("Defendant" or "D&Z")[1] Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of all of Plaintiff's claims.

The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant Defendant's Motion to Dismiss.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff, initially acting *pro se*, filed his Complaint in the Circuit Court for Surry County, Virginia on December 1, 2025. Not. Removal, ECF No. 1. Defendant removed this matter to federal court on December 31, 2025, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Id*. On January 7, 2026, Defendant filed its Motion to Dismiss and Memorandum in Support. ECF Nos. 7, 8. On January 8, 2026, Plaintiff was sent a Roseboro Notice. ECF No.

---

[1] Defendant notes that Plaintiff misspelled the name of Day & Zimmermann in his filings. Additionally, Defendant notes that Plaintiff was employed by The Atlantic Group Inc., which does business under the trade name Day & Zimmermann.

9. On January 30, 2026, Plaintiff filed a counseled Memorandum in Opposition to Defendant's Motion to Dismiss ("Response in Opposition"). ECF No. 10. On February 5, 2026, Defendant filed its Reply to Plaintiff's Response in Opposition ("Reply"). ECF No. 12.

## II. CLAIMS AT ISSUE

Plaintiff did not enumerate specific counts against Defendant. Based on its review of the filings, the Court has identified three claims contained in Plaintiff's Complaint and will refer to these claims as the three counts that are subject to Defendant's Motion to Dismiss.

Count One: Race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*;

Count Two: Race-based retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and

Count Three: Discriminatory/Retaliatory failure to hire in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

## III. RELEVANT FACTUAL ALLEGATIONS

Plaintiff, an African-American male, began his employment at D&Z's Surry nuclear power plant (operated by Dominion Energy) as a heavy equipment operator in 2010. Compl. ¶¶ 1–2, ECF No. 1-1. Periodically, Dominion Energy undergoes an outage protocol at its plants to conduct repairs and maintenance. *Id.* ¶ 8. During such events, D&Z's experienced employees are elevated to supervisors while new, inexperienced employees are brought on to handle numerous outage tasks. *Id.* ¶¶ 9, 13.

On May 2, 2024, during an outage protocol event, Plaintiff was elevated to a supervisor position and was tasked with moving a "CVan" from a parking lot to the blast shop to be repainted. *Id.* ¶ 11. Inside the CVan, there was a steel plate attached to the rear wall that needed to be removed prior to the CVan being moved. *Id.* ¶ 12. Plaintiff devised a plan to remove the steel plate that involved several of the inexperienced employees holding the plate while removing bolts. *Id.* ¶ 14.

During the plate's removal, the plate unexpectedly fell and crushed another employee's foot, amputating one or more of his toes. *Id.* ¶ 17.

In the days following the May 2nd incident, several employees, including Plaintiff, were terminated. *Id.* ¶ 20. When terminating Plaintiff and certain other African-American employees, D&Z's Director of Operations, Eugene Thompson, explained that he was taking the crane shop in another direction and that "there [was] a need for a culture change." *Id.* ¶ 32. Mr. Thompson replaced the terminated employees in the crane shop with a white employee, Mr. Knight. *Id.* ¶ 33. Plaintiff states that there were "numerous mishaps and accidents . . . at the Surry plant involving white employees," but that "no white supervisors were ever terminated because of the accidents that occurred in their departments." *Id.* ¶ 35.

Plaintiff filed an EEOC Complaint on September 19, 2024. *Id.* ¶ 4. On September 5, 2024, Plaintiff received his Right to Sue Notice from the EEOC and timely initiated this action. *Id.* ¶¶ 5–6. Sometime thereafter, according to Plaintiff, D&Z rehired Mr. Hardy, another employee terminated on May 4, 2024; D&Z did not rehire Plaintiff, however. *Id.* ¶ 37. Plaintiff states that Mr. Hardy did not file an EEOC complaint.

## IV. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to

raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted). The plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted); *see also Martin*, 980 F.2d at 952.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.*

When deciding a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true the plaintiff's well-pleaded allegations and views all facts and draws all reasonable inferences in the light most favorable to plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Such a standard, however, does not require accepting any unreasonable inferences or a plaintiff's legal conclusions. *Id.* At the motion to dismiss stage, the Court may consider the face of the complaint, documents attached to the complaint, documents attached to the motion to dismiss that are integral to the complaint and whose authenticity is unchallenged, and matters of public record subject to judicial notice. *Id.*

Furthermore, a *pro se* complaint is "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(internal quotation marks omitted). However, such deference "does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

## V. ANALYSIS

For the reasons that follow, the Court finds that Plaintiff has not stated a claim on Counts One, Two, or Three. Defendant's Motion to Dismiss with therefore be granted.

### A. Count One Does Not State a Claim for Race Discrimination Under Title VII

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a) (cleaned up). "To survive a motion to dismiss a Title VII race discrimination claim, the complaint must allege facts 'that plausibly state a violation of Title VII above a speculative level.'" *Johnson v. Balt. City*, 163 F.4th 808, 814 (4th Cir. 2026) (quoting *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020)). Ultimately, "a complaint survives if it states a plausible claim for relief that permits the court to 'infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

When ascertaining whether a plaintiff has plausibly stated a claim for racial discrimination in violation of Title VII, courts measure the allegations against the two available methods of proof for establishing such a claim: (1) utilizing ordinary principles of proof, i.e., direct and circumstantial evidence, to demonstrate that race was a motivating factor in the adverse employment action; or (2) relying on the relying on the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which requires the plaintiff to establish a "prima facie case" for discrimination, before the burden shifts to the defendant to rebut such

showing. *See id.* at 814–15 (noting that the plaintiff did not argue that she had plausibly demonstrated that her race was a motivating factor in the defendant's adverse employment action, and so proceeding to analyze the plausibility of the claim when framed within the *McDonnell Douglas* framework); *Noonan v. Consol. Shoe Co., Inc*., 84 F.4th 566, 572, 572 n.3 (4th Cir. 2023) (setting out the two avenues by which a Title VII plaintiff may build her case); *Woods v. City of Greensboro*, 855 F.3d 639, 646–48 (4th Cir. 2017) (noting that a plaintiff is not *required* to plead the elements of a prima facie case, as that is an evidentiary standard, not a pleading standard, and because the Supreme Court had earlier explained that "applying *McDonnell Douglas* to Rule 12(b)(6) motions would establish a 'heightened pleading standard' in contravention of Rule 8(a)(2)" (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002))). Because Plaintiff alleges disparate treatment through both the direct/circumstantial evidence and *McDonnell Douglas* frameworks, the Court will discuss both in turn.

1. <u>The Direct or Circumstantial Evidence Alleged Does Not Support a Plausible Claim of Disparate Treatment</u>

Plaintiff argues that Director Thompson's statement that he was making termination decisions "because he was taking the Crane Shope in another direction" and that "there is a need for a culture change," coupled with the fact that three black employees (including Plaintiff) were terminated and the replacement hire was white, serves to sufficiently establish an inference of discrimination. Resp. Opp'n 3, ECF No. 10. The Court disagrees. While Plaintiff's allegations regarding the "culture change" comments and the demographic shift between the fired employees and the new hire are, in a vacuum, *consistent* with discrimination, the full context of Plaintiff's allegations render a plausible inference of discrimination impossible. Specifically, the fact that Plaintiff initiated and was responsible for activities that resulted in a serious accident involving an employee's toe(s) being amputated, Compl. ¶¶ 11–17, and the fact that Plaintiff, when endeavoring to compare his treatment to those of white supervisors, himself connects his termination to the

accident that occurred in his department, *id.* ¶ 35, do not allow the Court to draw the reasonable inference that Defendant terminated Plaintiff because of his race. *See, e.g.*, *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 586 (4th Cir. 2015) ("While the allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff is *consistent* with discrimination, it does not alone support a *reasonable inference* that the decisionmakers were motivated by bias." (emphases in original)); *Bing*, 959 F.3d at 617 ("The facts Bing pled about his termination [that he was terminated based on information his employer learned from a newspaper article relating to his involvement in a shooting incident] cannot be construed to plausibly state a claim that he was terminated because of his race. In fact, Bing specifically alleged a nonracial reason for the termination.").

2. <u>Plaintiff Does Not State a Claim for Disparate Treatment via the *McDonnell Douglas Prima Facie* Showing</u>

"To allege disparate treatment [within the *McDonnell Douglas* framework], a plaintiff must plead: '(1) his membership in a protected class; (2) his satisfactory job performance; (3) an adverse employment action; and (4) similarly situated employees outside the protected class who received more favorable treatment.'" *Bliss v. Garland*, 2023 WL 4627435, at *6 (E.D. Va. July 19, 2023) (quoting *Tabb v. Bd. of Educ.*, 29 F.4th 148, 157 (4th Cir. 2022)).

Defendant argues, *inter alia*, that because Plaintiff "acknowledges in his Complaint that D&Z terminated his employment as a result of the May 2nd incident," and because Plaintiff acknowledges that he was responsible for "devising the plan" that resulted in Mr. Brown's injury, Plaintiff cannot plausibly allege that he was meeting or exceeding D&Z's expectations at the time of his termination. Mem. Supp. 8 (citing Compl. ¶¶ 35–36), ECF No. 8. While Plaintiff acknowledges that he devised the plan, Plaintiff claims that "a single incident after 14 years of

unblemished service . . . does not establish poor performance as a matter of law." Resp. Opp'n 2, ECF No. 10.

The Court agrees with Defendant that Plaintiff has not plausibly alleged that he performed his duties satisfactorily. Even if Plaintiff's otherwise conclusory statements claiming that he had a perfect performance record were true and otherwise sufficient at the pleading stage, the Court finds that Plaintiff's acknowledgement that he was responsible for devising the plan that resulted in Mr. Brown's injury on May 2nd, *see* Compl. ¶¶ 11–17, is fatal to plausibly pleading a prima facie case for race discrimination. Plaintiff's admission, coupled with the fact that Plaintiff was terminated two days after the May 2nd incident, erodes any plausible inference that Plaintiff was conducting his duties satisfactorily. *See Stokes v. AMF Bakery Sys.*, 2025 WL 2459089, at *5 (E.D. Va. Aug. 26, 2025), *aff'd,* 2026 WL 1470509 (4th Cir. May 26, 2026) ("A plaintiff's admission that [he] conducted [his] duties unsatisfactorily in at least one respect constitutes a failure to plausibly allege this element, even if [he] has alleged that [he] otherwise performed in accordance with [his] employer's expectations. . . . Such an admission is fatal because it renders any inference of 'invidious discrimination . . . not plausible in light of the obvious alternative explanation that the plaintiff was fired in response to [his] poor performance, not [because of his race].'" (quoting *Phillips v. WakeMed*, 2021 WL 4891741, *6 (E.D.N.C. Oct. 19, 2021))). Without this element, Plaintiff does not plead a prima facie case for discrimination, and so his claim fails when measured against the *McDonnell Douglas* framework for establishing a claim for racial discrimination outside of ordinary methods of proof.

Because the Court finds Plaintiff has not alleged sufficient facts to support a plausible inference of racial discrimination in his termination under either available method of proof, the Court will grant Defendant's Motion to Dismiss with respect to Count One.

**B. Plaintiff Fails to State a Claim on Count Two**

D&Z seeks dismissal of Plaintiff's claim for race-based retaliation, identified herein as Count Two, insofar as such a claim is raised in Plaintiff's EEOC Charge, because Plaintiff failed to allege that he participated in any protected activity.[2] Mem. Supp. 13, ECF No. 8. The Court agrees, and need not expend much ink on the issue. Neither the Complaint nor Plaintiff's recitation submitted in connection with his EEOC Charge describes any protected activity in which Plaintiff engaged, which could serve as the basis for a retaliation claim. Moreover, as the EEOC Charge's erstwhile "retaliation" claim is devoid of any factual support, Plaintiff cannot be said to have properly exhausted his administrative remedies with respect to any such claim. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005) (noting that the EEOC "charge frames the scope of future litigation"); *Dennis v. Cnty. of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) (If "the claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred.") (citation omitted); *Thorington v. Sally Beauty Supply LLC*, 2017 WL 1954539, at *7 (E.D. Va. May 10, 2017) (finding that although the plaintiff checked a box for retaliation on the EEOC charge form, the plaintiff did not exhaust her administrative remedies because there were no facts related to retaliation in the EEOC documents).

Accordingly, the Court will grant Defendant's Motion to Dismiss with respect to Count Two.

**C. Count Three Fails to State a Claim for Discriminatory or Retaliatory Failure to Hire**

Defendant next argues that Plaintiff failed to exhaust his administrative remedies regarding his discriminatory/retaliatory failure to hire claims, which assert that Plaintiff was not re-hired

[2] The only protected activity alleged in the Complaint is that Plaintiff "filed a complaint with the EEOC." Compl. ¶ 37. As this activity serves as the basis for the claim construed as Count Three, the Court does not consider it in connection with Plaintiff's general "retaliation" claim.

after his termination because of discrimination and/or because he had filed an EEOC complaint. Mem. Supp. 15, ECF No. 15. The Court takes these claims in inverse order.

1. Retaliatory Failure to Hire

Unlike Plaintiff's claims contained in Count Two, the Court finds that Plaintiff has exhausted his administrative remedies regarding a retaliatory failure to hire claim. *See Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992) (allowing a plaintiff to raise a retaliation claim for the first time in federal court when the alleged retaliation is based on the filing of the EEOC charge itself). Nevertheless, while the Court finds the exhaustion requirement has been met, Plaintiff fails to plausibly state a claim of retaliatory failure to hire.

"To state a claim of retaliation, the plaintiff must show (1) that he engaged in protected activity; (2) that he suffered an adverse employment action; and (3) that the defendant took the adverse action because of the protected activity." *El v. Tek Sys., Inc.*, 311 F. Supp. 2d 516, 520 (E.D. Va. 2002) (citing *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 190 (4th Cir. 2001)), *aff'd,* 55 F. App'x 201 (4th Cir. 2003).

While Plaintiff plausibly alleges he engaged in a protected activity by filing the EEOC charge, he has not plausibly alleged the remaining elements of a retaliatory failure to hire claim. The Complaint contains no factual allegations plausibly supporting an inference that Defendant chose not hire Plaintiff for an open position because he filed the EEOC charge. While Plaintiff need not establish but-for causation at the pleading stage, he must allege *some* showing of causation. *See Wallace v. Mary Baldwin Univ.*, 2023 WL 2200997, at *8 (W.D. Va. Feb. 24, 2023) (dismissing plaintiff's retaliatory failure to hire claim because "[t]he complaint does not even allege some degree of temporal proximity to suggest a causal connection" (internal quotation omitted)), *aff'd,* 2025 WL 1409860 (4th Cir. May 15, 2025). Plaintiff's Complaint is silent as to

whether D&Z even knew about the EEOC charge, that plaintiff even applied for an open position, or that any failure to hire was motivated by retaliatory animus.

Therefore, Plaintiff's retaliatory failure to hire claim fails.

2. Discriminatory Failure to Hire

However, the Court agrees with Defendant that Plaintiff's claim of discriminatory failure to hire is procedurally barred for lack of administrative exhaustion.

While the rule set forth in *Nealon* applies to Plaintiff's retaliatory failure to hire claim, it does not apply to Plaintiff's discriminatory failure to hire claim. Because discriminatory failure to hire is a discrete act, Plaintiff was required to exhaust his administrative remedies with the EEOC before pursuing such a claim in federal court. *See, e.g.*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify."). Because he did not do so, this claim is procedurally barred, and Defendant properly challenged it as such in its Motion to Dismiss. *See Wooten v. Univ. of Md., Baltimore*, 733 F. Supp. 3d 402, 423 (D. Md. 2024) (noting that if a defendant's "objections [related to exhaustion] are asserted in a timely fashion, such objections may warrant dismissal under Rule 12(b)(6)," and that "the Fourth Circuit has stated that a claim will typically be barred if the administrative charge alleges one type of discrimination and the claim encompasses another type." (cleaned up)).

Because Plaintiff has not exhausted his administrative remedies with respect to a claim for discriminatory failure to hire, and because he has not plausibly alleged facts supporting a claim for retaliatory failure to hire, the Court will dismiss Count Three in its entirety.

## VI. CONCLUSION

For the foregoing reasons, the Court grant Defendant's Motion to Dismiss and dismiss the Complaint in full, albeit without prejudice. *See King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir.

2016) (explaining that, where a *pro se* plaintiff has failed to state a claim to relief that is plausible on its face, district courts should dismiss without prejudice, give leave to amend, or explain why amendment would be futile); *see also id.* (dismissal without prejudice is appropriate where the *pro se* plaintiff did not seek leave to amend).

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 21, 2026
Richmond, Virginia